Martin JIMINEZ–OCHOA, aka Martin Jiminez, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–71594.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2012.

Filed May 3, 2012.

Ian Silverberg, Esquire, Hardy Law Group, Reno, NV, for Petitioner.

Oil, David V. Bernal, Assistant Director, Lance Lomond Jolley, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Martin Jiminez–Ochoa, a native and citizen of Mexico and formerly a legal permanent resident (LPR) of the United States,

---

* This disposition is not appropriate for publication and is not precedent except as provided

petitions for review of the decision of the Board of Immigration Appeals (BIA) that Jiminez–Ochoa's conviction under Nev. Rev.Stat. §§ 453.554 and 453.566 qualifies as a conviction "relating to a controlled substance" under the Immigration and Nationality Act, and that Jiminez–Ochoa is statutorily ineligible for cancellation of removal.

■ We agree with the BIA that Jiminez–Ochoa's Nevada conviction for possession of drug paraphernalia is a conviction "relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i), rendering him removable from the United States. *See Luu–Le v. INS*, 224 F.3d 911, 916 (9th Cir.2000).

■ We also agree with the BIA that Jiminez–Ochoa is statutorily ineligible for cancellation of removal because he cannot establish seven years of continuous residence after having been admitted in any status. *See* 8 U.S.C. § 1229b(a)(2). Jiminez–Ochoa was "admitted" to the United States on June 26, 2000, when he adjusted to LPR status. He committed the offense that rendered him removable on September 26, 2006. A period of continuous residence ceases to accrue on the date of commission of a removable offense. 8 U.S.C. § 1229b(d)(1). Therefore, Jiminez–Ochoa only accrued continuous residence for a period of six years and three months, nine months shy of the requisite seven years.

**DENIED.**